**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ANTON NELSON CROSS,<br><br>      Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C13-0125-LRR<br>No. CR10-0051-LRR<br><br>ORDER |

---

      This matter appears before the court on Anton Nelson Cross's pro se filing, which the clerk's office correctly construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Anton Nelson Cross ("the movant") filed his § 2255 motion on November 14, 2013. The movant previously sought relief under 28 U.S.C. § 2255, and, before filing the instant action, the movant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider a second 28 U.S.C. § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"This rule is absolute." *Boykin v. United States*, 2000 U.S. App. LEXIS 27076 at *1-3, 2000 WL 1610732 at *1 (8th Cir. 2000) (per curiam unpublished opinion) (vacating judgment regarding 28 U.S.C. § 2255 motion and remanding case to district court to dismiss for lack of jurisdiction). *Cf. Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (discussing 28 U.S.C. § 2244(b)); *Vancleave v. Norris*,

150 F.3d 926, 927-28 (8th Cir. 1998) (same). Accordingly, the movant's instant 28 U.S.C. § 2255 motion shall be dismissed.[1]

**IT IS THEREFORE ORDERED**:

The movant's 28 U.S.C. § 2255 motion (docket no. 1) is DISMISSED.

**DATED** this 14th day of November, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, ___, 132 S. Ct. 2321, 2326 (2012), which held that "the new, more lenient mandatory minimum provisions" of the Fair Sentencing Act "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3", has no impact on the movant's sentence. Indeed, the Fair Sentencing Act only impacted the movant's term of supervised release.